IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GILEAD SCIENCES, INC., GILEAD PHARMASSET LLC and GILEAD SCIENCES LIMITED,<br><br>    Plaintiffs, Defendants, Counterclaim Plaintiffs and Third Party Plaintiffs,<br><br>        v.<br><br>ABBOTT LABORATORIES, INC. and<br><br>    Defendant and Third Party Defendant,<br><br>ABBVIE INC.,<br><br>    Defendant, Plaintiff and Counterclaim Defendant. | C.A. No. 13-2034 (GMS)<br><br>(Consolidated with C.A. Nos. 14-209, 14-379)<br><br>REDACTED PUBLIC VERSION<br><br>Filed July 7, 2014 |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'
ANTI-SLAPP MOTION TO STRIKE AND MOTION TO DISMISS
<u>STATE LAW CLAIMS IN SECOND AMENDED COMPLAINT</u>**

| | |
|---|---|
| OF COUNSEL:<br><br>Michael A. Morin<br>David P. Frazier<br>James R. Barney<br>Casey L. Dwyer<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br><br>Nishla Keiser<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>Two Seaport Lane<br>Boston, MA 02210<br><br>James F. Hurst<br>Scott P. Glauberman<br>Samantha Maxfield<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Mary B. Graham (#2256)<br>Derek J. Fahnestock (#4705)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>mgraham@mnat.com<br>dfahnestock@mnat.com<br>  *Attorneys for Abbott Laboratories, Inc.*<br>  *and AbbVie Inc.*<br><br><br><br><br>Charles Klein<br>WINSTON & STRAWN LLP<br>1700 K Street NW<br>Washington, DC 20006<br><br>June 20, 2014 |

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ...............................................................................................................1

ARGUMENT.......................................................................................................................1

    I.    Gilead's tort claims should be dismissed under Rule 12(b)(6). .............................1

        A.    California's litigation privilege bars Gilead's tort claims. .........................2

        B.    Federal patent law preempts the state law tort claims. ..............................2

        C.    The Noerr-Pennington doctrine independently bars Gilead's tort claims...................................................................................................4

        D.    Gilead cannot state an Unfair Competition Law claim. .............................5

        E.    Gilead cannot state a claim for slander of title..........................................7

    II.    AbbVie should be awarded fees under California's anti-SLAPP statute. .....................................................................................................7

    III.    ████████████████████████████████████.....................9

    IV.    The dismissal should be with prejudice. ..........................................................10

CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Action Apartment Ass'n v. City of Santa Monica*,
　163 P.3d 89 (Cal. 2007) ........................................................................................................... 1, 2

*Altavion v. Konica-Minolta Sys. Lab.*,
　2008 WL 2020593 (N.D. Cal.) ................................................................................................. 1, 3

*Armstrong Surgical Ctr. v. Armstrong County Mem. Hosp.*,
　185 F.3d 154 (3d Cir. 1999) ......................................................................................................... 5

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ..................................................................................................................... 9

*Beroiz v. Wahl*,
　84 Cal. App. 4th 485 (2000) ........................................................................................................ 4

*Briggs v. Eden Council*,
　969 P.2d 564 (Cal. 1999) ............................................................................................................. 8

*Cheminor Drugs v. Ethyl*,
　168 F.3d 119 (3d Cir. 1999) ......................................................................................................... 5

*Coastal States Mktg. v. Hunt*,
　694 F.2d 1358 (5th Cir. 1983) ..................................................................................................... 4

*ComputerXpress v. Jackson*,
　113 Cal. Rptr. 2d 625 (Cal. Ct. App. 2001) ................................................................................. 8

*Crowe v. Gogineni*,
　2012 WL 6203124 (E.D. Cal.), *adopted* 2013 WL 1499429 (E.D. Cal.) ................................... 8

*Dow Chem. v. Exxon*,
　139 F.3d 1470 (Fed. Cir. 1998) ................................................................................................... 4

*DuPont v. Superior Court*,
　92 Cal. Rptr. 2d 755 (Cal. Ct. App. 2000) ................................................................................... 8

*Dwight R. v. Christy B.*,
　212 Cal. App. 4th 697 (Cal. Ct. App. 2013) ................................................................................ 8

*E. & J. Gallo Winery v. Andina Licores*,
　2006 WL 1817097 (E.D. Cal.) ..................................................................................................... 4

*ECC Sys. v. Tyco Int'l*,
　2007 WL 5861212 (Cal. Super.) .................................................................................................. 7

*Flatley v. Mauro*,
 139 P.3d 2 (Cal. 2006) ..................................................................................................... 8

*Garcia v. Allstate Ins.*,
 2012 WL 4210113 (E.D. Cal.) ........................................................................................ 9

*Gilabert v. Logue*,
 2013 WL 6804663 (C.D. Cal.) ........................................................................................ 9

*Glidewell Dental Ceramics v. Keating Dental Arts*,
 2013 WL 655314 (C.D. Cal.) .......................................................................................... 6

*Haight Ashbury Free Clinics v. Happening House Ventures*,
 184 Cal. App. 4th 1539 (2010) ....................................................................................... 9

*Halton v. Streivor*,
 2010 WL 2077203 (N.D. Cal.) ....................................................................................... 3

*Hunter Douglas v. Harmonic Design*,
 153 F.3d 1318 (Fed. Cir. 1998) ...................................................................................... 4

*In re Toyota Motor*,
 790 F. Supp. 2d 1152 (C.D. Cal. 2011) ...................................................................... 1, 6

*Isco Int'l v. Conductus*,
 279 F. Supp. 2d 489 (D. Del. 2003) ............................................................................... 4

*Jacob B. v. Cnty. of Shasta*,
 40 Cal. 4th 948 (Cal. Ct. App. 2007) .............................................................................. 2

*Kashian v. Harriman*,
 98 Cal. App. 4th 892 (Cal. Ct. App. 2002) ..................................................................... 9

*Kwikset v. Superior Court*,
 246 P.3d 877 (2011) ....................................................................................................... 6

*Mann v. Quality Old Time Serv.*,
 120 Cal. App. 4th 90 (Cal. Ct. App. 2004) ..................................................................... 7

*Moran v. Endres*,
 135 Cal. App. 4th 952 (Cal. App. 2006) ........................................................................ 9

*Nobelpharma v. Implant Innov.*,
 141 F.3d 1059 (Fed. Cir. 1998) ...................................................................................... 5

*Ogilvie v. Select Portfolio Servicing*,
 2012 WL 3010986 (N.D. Cal.) ....................................................................................... 7

*People v. Persolve*,
  218 Cal. App. 4th 1267 (Cal. Ct. App. 2013) ............................................................................2

*PepsiCo v. Redmond*,
  54 F.3d 1262 (7th Cir. 1995) ....................................................................................................9

*Pro-Mold v. Great Lakes*,
  75 F.3d 1568 (Fed. Cir. 1996) ..................................................................................................3

*Rambus v. Infineon Techs.*,
  330 F. Supp. 2d 679 (E.D. Va. 2004) ...................................................................................1, 3

*Ritchie v. Sempra Energy*,
  2010 WL 4974866 (S.D. Cal.) ..................................................................................................4

*Rodine v. Seagate Tech.*,
  174 F.3d 1294 (Fed. Cir. 1999) ................................................................................................4

*Royal Sleep Prods. v. Restonic*,
  2010 WL 1172555 (N.D. Ill.) ...................................................................................................9

*Rusheen v. Cohen*,
  128 P.3d 713 (Cal. 2006) ..........................................................................................................2

*S3 Graphics v. ATI Techs.*,
  2014 WL 573358 (D. Del.) .......................................................................................................5

*Smith v. Ford Motor*,
  462 F. App'x 660 (9th Cir. 2011) .............................................................................................6

*State Farm Mut. Auto. Ins. Co. v. Singh*,
  131 F.3d 148 (9th Cir. 1997) ....................................................................................................2

*Swanson v. ALZA*,
  2013 WL 968275 (N.D. Cal.) ...............................................................................................1, 6

*Thornbrough v. W. Placer Unified Sch. Dist.*,
  2010 WL 2179917 (E.D. Cal.) .................................................................................................8

*Walker Process Equip. v. Food Mach. & Chem.*,
  382 U.S. 172 (1965) ..................................................................................................................5

*XpertUniverse v. Cisco Sys.*,
  868 F. Supp. 2d 376 (D. Del. 2012) .........................................................................................3

*Zenith Elecs. v. Exzec*,
  182 F.3d 1340 (Fed. Cir. 1999) ................................................................................................4

**STATUTES**

Cal. Civ. Code § 47(b) .................................................................................................................2

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8 ................................................................................................9

Federal Rule of Civil Procedure 12.........................................................................................1, 8

**INTRODUCTION**

Gilead's Opposition fails to rebut AbbVie's arguments but continues Gilead's pattern of using the litigation privilege to make unfounded and defamatory statements about AbbVie and its hepatitis C therapy. Ironically, the same privileges that shield Gilead also doom its tort claims, for AbbVie's very different statements to the PTO enjoy those same protections. Thus, even if Gilead's allegations were true—they are not—its claims would still fail as a matter of law.

In its zeal to save its state law claims, Gilead repeatedly mischaracterizes the law. When arguing that its claims are not preempted, Gilead puts forward a case (*Rambus v. Infineon*) that does not mention preemption. Gilead describes another case (*Altavion v. Konica-Minolta*) as holding that state law claims "survived dismissal" over preemption, but the case did not even consider dismissing those claims or the issue of preemption—it was a decision on a motion to remand. Gilead cites a third case (*Action Apartment v. City of Santa Monica*) to support making claims in civil litigation about alleged perjury, but the case itself distinguishes criminal prosecutions for perjury, which of course are allowed, from civil lawsuits about perjury, which are not. Gilead describes a fourth case (*Swanson v. ALZA*) as holding that a "false declaration of inventorship of a patent is an injury under the [Unfair Competition Law] to the true inventor." The case said nothing of the sort. For a fifth case (*In re Toyota Motor*), Gilead cited the court's summary of the plaintiff's position as the court's own holding. And so on.

Putting the rhetoric and irrelevant cases aside, Gilead's tort ⬚⬚⬚⬚⬚⬚ fail because they are nothing more than poorly disguised inequitable conduct claims, and AbbVie's prosecution of patents is protected by several different privileges. AbbVie respectfully urges the Court to grant its motions and focus the parties' attention on the true dispute: the patent action.

**ARGUMENT**

**I.      Gilead's tort claims should be dismissed under Rule 12(b)(6).**

Gilead's two tort claims should be dismissed because even if Gilead's factual allegations were true, the claims are independently barred by the litigation privilege, preemption doctrine, and *Noerr-Pennington* doctrine, and in any event they fail to state a claim.

### A. California's litigation privilege bars Gilead's tort claims.

As AbbVie showed in its opening brief, statements made in quasi-judicial proceedings such as PTO proceedings are privileged under California law and immunized from civil liability. That fact is dispositive, and it requires that Gilead's tort claims be dismissed or stricken. Gilead's sole response is that "the litigation privilege in Cal. Civ. Code § 47(b) does not provide immunity for criminal conduct." (Opp. at 19.) That point does not help Gilead.

As explained by the case Gilead cites, crimes like perjury are not immunized *from criminal prosecution* because the false statement took place in a judicial or quasi-judicial proceeding. *Action Apartment Ass'n v. City of Santa Monica*, 163 P.3d 89, 98 (Cal. 2007). Otherwise, the crime of perjury "would be almost without meaning." *Id.* at 99-100. But Gilead ignores the rest of the holding. As *Action Apartment* also states, alleged perjury in a judicial or quasi-judicial proceeding *is* immunized from liability in a private lawsuit, to prevent defendants from "being harassed [] by derivative tort actions." *Id.* at 95; *see also Rusheen v. Cohen*, 128 P.3d 713, 719 (Cal. 2006) (same). The Ninth Circuit and the California Court of Appeal agree: California's "privilege extends even to civil actions based on perjury." *Jacob B. v. Cnty. of Shasta*, 40 Cal. 4th 948, 955-56 (Cal. Ct. App. 2007); *see also State Farm Mut. Auto. Ins. Co. v. Singh*, 131 F.3d 148 (9th Cir. 1997) ("a properly functioning judicial system" requires dismissal of a civil action based on alleged perjury). The only case Gilead cites, *People v. Persolve*, 218 Cal. App. 4th 1267 (Cal. Ct. App. 2013), was not a lawsuit based on alleged perjury.

AbbVie now faces the very harassment about which the California Supreme Court warned. Even accepting Gilead's allegations of false statements (for the purposes of this motion only), those statements took place in quasi-judicial PTO proceedings and thus are privileged as a matter of law. Gilead's tort claims should be dismissed or stricken.

### B. Federal patent law preempts the state law tort claims.

AbbVie's opening brief explained that patent law preempts Gilead's tort claims, because they are based on alleged misconduct at the PTO. To avoid preemption, the Federal Circuit requires state tort claims to allege misusing a patent *in the marketplace*, rather than in judicial (or

quasi-judicial) proceedings. Gilead responds with three arguments, but none has merit.

*First*, Gilead asserts that its unfair competition (UCL) claim ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[1] (Opp. at 13-14.) That is not what the complaint says. The UCL claim is based on alleged inequitable conduct: "misrepresentations to the PTO" and "intentional failure to disclose material information to the PTO." (SAC ¶ 268.) But "there is no legal basis for holding that inequitable conduct … constitutes unfair competition." *Pro-Mold v. Great Lakes*, 75 F.3d 1568, 1575 (Fed. Cir. 1996); *see also Halton v. Streivor*, 2010 WL 2077203, at *4 (N.D. Cal.) ("federal patent law … cannot serve as the basis of [a UCL] claim.").

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The two cases Gilead cites are off point. The decision in *Rambus v. Infineon Techs.*, 330 F. Supp. 2d 679, 681 (E.D. Va. 2004), denied a motion *in limine* seeking to exclude evidence that a patent was obtained with stolen information. The decision does not even mention preemption. And Gilead falsely describes *Altavion v. Konica-Minolta Sys. Lab.*, 2008 WL 2020593, at *3 (N.D. Cal.), as holding that the state law claims "survived dismissal." (Opp. at 14.) *Altavion* was a decision on a motion to remand the case to state court, not a motion to dismiss. Like *Rambus*, *Altavion* does not address preemption of state law claims based on conduct at the PTO.

Gilead argues that an anticipated market for its drug combination is "rapidly forming," and thus AbbVie should have expected its activity at the PTO to affect that future market. (Opp. at 14.)[2] That is wrong. To state a valid claim, the Federal Circuit requires bad faith misuse of

---

[1] Gilead does not make this argument for the slander of title cause of action, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[2] Gilead also points out that the market for its drug Sofosbuvir is already in place. (Opp. at 14.) But this is entirely irrelevant since AbbVie has not asserted a patent against Sofosbuvir.

- 3 -

patents in the *actual* marketplace, such as threatening to sue the plaintiff's customers. *Hunter Douglas v. Harmonic Design*, 153 F.3d 1318, 1323 (Fed. Cir. 1998). There is nothing like that here. If Gilead were right, activity at the PTO could *always* be characterized as having marketplace effects, nullifying the Federal Circuit's preemption decisions. As this Court observed, "nearly every patent infringement plaintiff would summarily be found liable for unfair competition." *Isco Int'l v. Conductus*, 279 F. Supp. 2d 489, 505-06 (D. Del. 2003) (Sleet, J.).

*Second*, Gilead argues against preemption because AbbVie allegedly deceived the European Patent Office ("EPO"). But like the PTO, the EPO is not the marketplace, and acts that are "legal and protected if done in the United States" do not "become evidence of illegal conduct because performed abroad." *Coastal States Mktg. v. Hunt*, 694 F.2d 1358, 1366 (5th Cir. 1983). AbbVie's conduct before the EPO is in any event protected by California's litigation privilege. *See*, *e.g.*, *Beroiz v. Wahl*, 84 Cal. App. 4th 485, 493-94, 100 (2000) (privilege applies to statements made to Mexican law enforcement); *Ritchie v. Sempra Energy*, 2010 WL 4974866, at *4 (S.D. Cal.) (same); *E. & J. Gallo Winery v. Andina Licores*, 2006 WL 1817097, at *8-10 (E.D. Cal.) (privilege applies to statements made in civil litigation in Ecuador).

*Third*, Gilead argues that its tort claims and inequitable conduct defense have different legal elements. That is not the test. If it were, state law torts would *never* be preempted, for there is no state tort of "inequitable conduct." The cases cited above and in AbbVie's opening brief show that state tort claims based on inequitable conduct theories are preempted unless they allege bad faith misuse of patents in the *marketplace*—misconduct directed at the plaintiff's customers.[3] Gilead alleges no such misconduct here, because there is none.

### C. The *Noerr-Pennington* doctrine independently bars Gilead's tort claims.

Gilead's tort claims are also barred by the *Noerr-Pennington* doctrine, which forbids torts

---

[3] Gilead's cases (Opp. at 16) show the same thing. *Dow Chem. v. Exxon*, 139 F.3d 1470, 1472 (Fed. Cir. 1998) (threats "to sue prospective and actual … customers"); *Zenith Elecs. v. Exzec*, 182 F.3d 1340, 1345 (Fed. Cir. 1999) ("patentee informs a competitor's customers that the competitor is an infringer"); *Rodine v. Seagate Tech.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999) ("alleged efforts to dissuade other disk drive companies from taking a license"); *Hunter Douglas*, 153 F.3d 1318, 1322 (Fed. Cir. 1998) ("the Defendants informed one or more purchasers" about allegedly invalid patents).

that are based on petitions to the government. (Br. at 10.) Gilead does not attempt to distinguish AbbVie's cases. Instead, Gilead refers to the *Noerr-Pennington* exception established in *Walker Process Equip. v. Food Mach. & Chem.*, 382 U.S. 172, 177-78 (1965). But *Walker Process* only "exposes a patentee to antitrust liability … [I]n order to find liability, the necessary additional elements of a violation of the antitrust laws must be established." *Nobelpharma v. Implant Innov.*, 141 F.3d 1059, 1070 (Fed. Cir. 1998). Gilead has no antitrust claim.

Gilead also cites a Third Circuit decision, *Cheminor Drugs v. Ethyl*, 168 F.3d 119, 124 (3d Cir. 1999), for a free-ranging exception to *Noerr-Pennington* based on "misrepresentations" made in a petition. But *Cheminor*, which was not a patent case, does not apply here. The Federal Circuit has held that its own law, not regional circuit law such as that in *Cheminor*, applies to allegations of *Walker Process* fraud in a patent case. *Nobelpharma*, 141 F.3d at 1067-68.[4] The Federal Circuit has never recognized the exception that Gilead seeks to apply here.

In any event, Third Circuit law would provide immunity under *Noerr-Pennington*. In the later case of *Armstrong Surgical Ctr. v. Armstrong County Mem. Hosp.*, 185 F.3d 154, 158 & n.2 (3d Cir. 1999), that court stated that even if a petition contained alleged misrepresentations, *Noerr-Pennington* still would bar all claims unless the plaintiff also showed that the defendant sought to use the petitioning *process* to interfere with a competitor, rather than the *outcome* of that process. Here, Gilead's claims are based on outcome: the grant of AbbVie's patents.

### D. Gilead cannot state an Unfair Competition Law claim.

AbbVie's opening brief explained that Gilead could not establish it suffered a loss, much less one caused by AbbVie, because Gilead is not selling the combination therapy and does not have FDA permission to do so. (Br. at 14-15.) AbbVie also explained that privileged conduct, such as applying for a patent, cannot be a basis for alleged economic injury. (*Id.* at 15.) Thus, even putting aside issues of privilege, preemption, and the like, Gilead cannot state a claim.

In response, Gilead argues that AbbVie's actions at the PTO "diminished" the value of

---

[4] The only other case that Gilead cites, *S3 Graphics v. ATI Techs.*, 2014 WL 573358, at *3 (D. Del.), cites *Cheminor* without discussing Federal Circuit law.

Gilead's present property interest in Sofosbuvir and its future property interest in the combination drug therapy. (Opp. at 12.) But Gilead's complaint does not allege any reduction in Sofosbuvir sales, nor can it allege any reduction in the combination drug therapy's sales. The complaint only speculates that some undefined injury is "likely" at some unknown point in the future. (SAC ¶ 269.) And Gilead simply ignores that protected activity at the PTO cannot support an unfair competition claim. *Glidewell Dental Ceramics v. Keating Dental Arts*, 2013 WL 655314, at *14 (C.D. Cal.) (barring a UCL claim, under *Noerr-Pennington* and the California privilege, because the claimed injury arose from a protected activity).

Gilead's cases are irrelevant. In two, the plaintiff alleged a real injury. In *Kwikset v. Superior Court*, 246 P.3d 877, 883 (2011), and *In re Toyota Motor*, 790 F. Supp. 2d 1152, 1164-65 (C.D. Cal. 2011),[5] the plaintiff was tricked by alleged misrepresentations into spending money. There is nothing like that here. In Gilead's third case, *Swanson v. ALZA*, 2013 WL 968275, at *11 (N.D. Cal.), the court refused to accept the plaintiff's conclusory assertion that he was "harmed financially," finding instead that whether he "lost money or property as a result of any action" by the defendant needed to be determined. Here, again, there is no financial harm. And *Swanson* did ***not*** hold, as Gilead asserts, that a "false declaration of inventorship of a patent is an injury under the UCL to the true inventor." (Opp. at 12.) It never said anything of the sort.

AbbVie's opening brief also explained that Gilead failed to plead the required unlawful, unfair, or fraudulent conduct. Gilead now argues that its allegations of perjury, slander of title, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are sufficient. (Opp. at 11.) As explained above, even if they were true, those allegations would fail because they are based on conduct at the PTO. In addition, a claim of fraudulent conduct requires, as AbbVie's opening brief explained, a showing that "members of the public are likely to be deceived by the alleged practices." *Smith v. Ford Motor*, 462 F. App'x 660, 664 (9th Cir. 2011). Gilead alleges no public deception. And the

---

[5] Gilead also cites the *Toyota* decision to argue that mere "threats" by a defendant are sufficient to provide injury and standing to a plaintiff for a UCL claim. (Opp. at 12.) In the cited portion of the opinion, the court was summarizing the plaintiff's position. The court itself did ***not*** hold that threats are enough. Nor does Gilead allege any threats by AbbVie here.

claims of slander of title ▓▓▓▓▓▓▓▓▓▓ are not even viable on their own, much less as predicates for a UCL claim. The UCL claim should therefore be dismissed.

### E. Gilead cannot state a claim for slander of title.

Gilead offers no response to AbbVie's argument that, as found by the court in *ECC Sys. v. Tyco Int'l*, a patent application is not a publication capable of slander of title. 2007 WL 5861212, at *4-5 (Cal. Super.). In addition, Gilead offers no response to AbbVie's argument that slander of title may not be based on privileged conduct. Thus, the claim should be dismissed.

In response to AbbVie's third, and independent, argument for dismissal of this claim—that Gilead alleges no specific pecuniary loss resulting from the alleged slander of title—Gilead provides the non-answer that the "damages from this unlawful conduct are the same damages supporting by Gilead's pleading taken as a whole." (Opp. at 13; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Whatever those damages are, for a combination drug therapy that is illegal to sell, is left to the imagination of the reader. But vague and speculative assertions of damages cannot provide the specific pecuniary damages that the claim requires. *Mann v. Quality Old Time Serv.*, 120 Cal. App. 4th 90, 109-10 (Cal. Ct. App. 2004).

Gilead also argues that it has incurred a pecuniary loss by prosecuting this lawsuit. (Opp. at 13.) If that were sufficient, then the "pecuniary loss" element would be satisfied in every case and have no meaning. California courts have rejected this proposition: "Because the alleged monetary loss is limited to attorneys' fees and costs for pursuing the slander of title action, the allegations fail to establish pecuniary harm as a matter of law." *Ogilvie v. Select Portfolio Servicing*, 2012 WL 3010986, at *4 (N.D. Cal.).

### II. AbbVie should be awarded fees under California's anti-SLAPP statute.

AbbVie should be awarded attorneys' fees under the California anti-SLAPP statute, which independently bars Gilead's tort claims. (Br. at 6.) Applying California's anti-SLAPP law involves two steps: first, AbbVie makes a *prima facie* showing that its activities are protected speech or petitioning; second, the burden shifts to Gilead to show likely success on the merits. (Br. at 6.) Both steps are satisfied here.

***Step 1.*** AbbVie's opening brief explained that patent applications are protected petitions, thus satisfying the first prong. (*Id.* at 6-7.) To be protected, "all that matters is that the First Amendment activity take place in an official proceeding" (*Briggs v. Eden Council*, 969 P.2d 564, 570 (Cal. 1999)), and a communication seeking action from a government agency is protected conduct. *ComputerXpress v. Jackson*, 113 Cal. Rptr. 2d 625, 640 (Cal. Ct. App. 2001).

Gilead does not dispute this. Instead, it tries to invoke a narrow exception for criminal acts. According to Gilead, because AbbVie accepted the complaint's factual allegations as true for the purposes of this motion under a Rule 12(b)(6) standard, AbbVie has not contested the alleged illegal conduct and thus cannot make its *prima facie* case under the anti-SLAPP statute. But the cases Gilead relies on apply only in "narrow circumstance[s] where either the defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence." *Flatley v. Mauro*, 139 P.3d 2, 12 (Cal. 2006). Gilead cannot satisfy this standard.

Federal courts hold that an anti-SLAPP motion brought under the Rule 12(b)(6) standard does ***not*** concede illegal conduct. A defendant who brings that motion "has clearly not conceded … that its conduct was illegal." *Crowe v. Gogineni*, 2012 WL 6203124, at *7-8 (E.D. Cal.), *adopted* 2013 WL 1499429 (E.D. Cal.). In other words, a defendant's "action does not lose its protected status due to Plaintiff's allegations that his conduct was illegal." *Thornbrough v. W. Placer Unified Sch. Dist.*, 2010 WL 2179917, at *12 (E.D. Cal.).

The California courts have also rejected Gilead's position. Gilead argues that "[p]erjury, fraud, and unlawful conduct … are not protected under the 'First Prong' of the anti-SLAPP inquiry" (Opp. at 19), but the California Court of Appeal held the opposite. A plaintiff's allegation that a defendant's statements were "false, deceptive, and misleading" does ***not*** show the statements were unprotected under the first prong, because the plaintiff's allegation itself "may or may not be true." *DuPont v. Super. Ct.*, 92 Cal. Rptr. 2d 755, 758-59 (Cal. Ct. App. 2000) (holding allegedly false statements protected under the first prong). A one-sided allegation that speech was unlawful cannot defeat an anti-SLAPP motion. *Dwight R. v. Christy B.*, 212 Cal. App. 4th 697, 711-12 (Cal. Ct. App. 2013). If a simple allegation of falsity "were the test, the

[anti-SLAPP] statute (and the [litigation] privilege) would be meaningless." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 910-11 (Cal. Ct. App. 2002).[6] They are not meaningless.

*Step 2.* Gilead cannot meet its burden under the second prong because, as discussed in the opening brief and in the section above, Gilead fails to state a claim for its alleged torts—again, even accepting the allegations as true.[7]

**III.** ███████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████████
████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████

---

[6] Even if Gilead's argument were correct, AbbVie has still carried its burden. Gilead's claims are based on two petitioning activities: conduct before the PTO and the lawsuit against Gilead. (SAC ¶¶ 262, 264.) Even if the anti-SLAPP statute did not apply to the PTO petitions, it still applies to the lawsuit. So long as a cause of action is based in part on protected activity, the entire "mixed cause of action" is subject to the anti-SLAPP statute. *Haight Ashbury Free Clinics v. Happening House Ventures*, 184 Cal. App. 4th 1539, 1551 (2010).

[7] Gilead also argues that AbbVie should not be awarded fees under the anti-SLAPP statute for the claims on which it has already prevailed. (Opp. at n.4.) But Gilead's cases—*Garcia v. Allstate Ins.*, 2012 WL 4210113, at *13 (E.D. Cal.), and *Moran v. Endres*, 135 Cal. App. 4th 952, 956 (Cal. App. 2006)—simply hold that a prevailing party must show that something of substance changed in the case. Here, Gilead was forced to drop its tortious interference claim and concede that California (not Delaware) law applied to the other torts. "A plaintiff may not avoid liability for attorney fees and costs by voluntarily dismissing a cause of action to which an anti-SLAPP motion is directed." *Gilabert v. Logue*, 2013 WL 6804663, at *2 (C.D. Cal.).

[redacted]

**IV. The dismissal should be with prejudice.**

Gilead asks for the opportunity to amend its complaint to cure any defects. The Court should deny that request. This is Gilead's *third* complaint. Gilead has already amended twice after seeing AbbVie's strike and dismissal arguments. Indeed, Gilead has already dropped one tort claim altogether and pleaded the other two under a different state's law. Yet the defects remain, because they are incurable. Rather than allowing Gilead to file a fourth, futile complaint, the Court should dismiss the state law claims with prejudice and get this patent dispute underway.

## CONCLUSION

This Court should dismiss all three counts with prejudice under Rule 12(b)(6) and strike Counts 9 and 10 with prejudice and grant attorneys' fees under the anti-SLAPP statute.

|  |  |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Michael A. Morin<br>David P. Frazier<br>James R. Barney<br>Casey L. Dwyer<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br>(202) 408-4000 | */s/ Derek J. Fahnestock*<br>Mary B. Graham (#2256)<br>Derek J. Fahnestock (#4705)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>mgraham@mnat.com<br>dfahnestock@mnat.com<br>  *Attorneys for Abbott Laboratories, Inc.*<br>  *and AbbVie Inc.* |

Nishla Keiser
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210
(617) 646-1600

James F. Hurst
Scott P. Glauberman
Samantha Maxfield
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600

Charles Klein
WINSTON & STRAWN LLP
1700 K Street NW
Washington, DC 20006
(202) 282-5000

June 20, 2014
8334839

- 11 -